WESTINGHOUSE CREDIT CORPORATION, Appellant, v HENRY J. STOJOWSKI et al., Respondents.—In an action for a deficiency judgment against the guarantors of a mortgagor's personal liability, plaintiff appeals from an order of the Supreme Court, Nassau County, entered October 31, 1978, which denied its motion, pursuant to CPLR 3213, for summary judgment in lieu of complaint. Order affirmed, with $50 costs and disbursements. Defendants are guarantors of a loan which was originally secured by a preferred ship mortgage, pursuant to section 951 of title 46 of the United States Code, on the vessel *Ameris III*. When the mortgagor, Ameris III, Inc., defaulted on that loan plaintiff commenced an action in the United States District Court for the Southern District of Florida for judgment of foreclosure in rem. Defendants were not parties to that action. Plaintiff purchased the vessel for $65,000 at the foreclosure sale, which sale was subsequently confirmed by the United States District Court. Plaintiff then commenced this action, by motion for summary judgment in lieu of complaint, in the Supreme Court, Nassau County, against defendants for a deficiency judgment in the principal sum of $105,212.75. Defendants disputed the amount owed and claimed further that the foreclosure sale was conducted one hour earlier than scheduled, to permit plaintiff, as sole bidder, to purchase the vessel for far less than its fair market value. Special Term held that a material and triable issue of fact existed as to whether the foreclosure sale of the vessel was conducted in a commercially reasonable manner. Plaintiff claims that the commercial reasonableness of the foreclosure sale may be raised only in the United States District Court, which confirmed the sale. However, since State and Federal courts have concurrent jurisdiction over actions in

personam for any deficiency upon default of a preferred ship mortgage (cf. US Code, tit 46, § 954, subd [a]), it follows that State courts have concurrent jurisdiction over defenses which may be raised in such actions. In a separate action for a deficiency judgment, defendants, who were not parties in the action to foreclose the ship mortgage, could raise as a defense that the vessel was not sold in a commercially reasonable manner (see *Antisdel v Williamson*, 165 NY 372; *Humphrey v Hayes*, 94 NY 594, 604). The fact that that sale was confirmed by the Federal court in the action to foreclose the mortgage is not a bar to that claim (see *Bollinger & Boyd Barge Serv. v Motor Vessel, Captain Claude Bass*, 576 F2d 595; *Reedsburg Bank v Apollo*, 508 F2d 995; cf. *McDermott & Co. v The Morning Star*, 457 F2d 815, cert den 409 US 948). Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.