**Frank D. PRICE, Jr., Plaintiff,**

v.

**SEATTLE–FIRST NATIONAL BANK, a
national banking association,
Defendant.**

and

**M.A. Stream & Associates, Patricia Ann
Price, and the Price marital communi-
ty, Cross-Defendants.**

**No. C81–454B.**

United States District Court,
W.D. Washington.

Dec. 28, 1983.

Jeffrey L. Jernegan of Moriarty, Mikkle-
borg, Broz, Wells & Fryer, Seattle, Wash.,
for plaintiff.

Allan L. MacDougall of Madden, Poliak,
MacDougall & Williamson and Jeffrey B.
Van Duzer, Seattle, Wash., for cross-de-
fendants.

## ORDER DENYING MOTION TO PRECLUDE DEFICIENCY

BEEKS, Senior District Judge.

Plaintiff Frank D. Price, Jr. alleges that
he was and is the owner of F/V DALENA.
He granted a preferred ship mortgage to
defendant Seattle-First National Bank (Sea-
First) as security for a loan of $97,500.
Said mortgage included the following provi-
sion:

> But if default be made in such pay-
> ments, or in any one of such payments,
> or if default be made in the prompt and
> faithful performance of any of the cove-
> nants herein contained ... or if [Price]
> shall negligently or willfully permit said
> property to waste, or be damaged or
> destroyed, [the bank] is hereby authoriz-
> ed to take possession of said goods, chat-
> tels, and any personal property at any
> time wherever found, either before or
> after [the maturity date of the mortgage]
> and to sell and convey the same, or so
> much thereof as may be necessary to
> satisfy the said debt, interest, and rea-
> sonable expenses....

Sea-First alleges that Price did not make
the first payment of principal and interest,
due on December 30, 1979, and that Price
has not been current in his payments on
the note since that time. The alleged in-
debtedness is now over $169,000.

Early in 1981, DALENA sank at her
moorings at Fishermen's Terminal in Seat-
tle. Price alleges that he tried to raise her,
but could not do so. Sea-First learned of
the sinking some two weeks after it oc-
curred, and, believing its collateral to be in
peril, raised the vessel and seized her with-
out judicial intervention. Sea-First had
DALENA surveyed and found her hull rot-
ten and near worthless. Sea-First then
sold DALENA at a public auction where
Royce Hendrickson, upon his bid of $1,601,
purchased the vessel. Hendrickson

stripped DALENA of equipment he considered valuable and eventually cut her up for firewood.

Price subsequently filed the complaint herein alleging that Sea-First seized DALENA without proper notice to Price and without legal process. He also alleges that Sea-First negligently raised DALENA and, in doing so, damaged her. Price claims damages of not less than $85,000.

Sea-First answered in part by counterclaim against Price to foreclose a real estate mortgage which was granted as security for the same loan as that secured by said preferred ship mortgage. On February 3, 1983, the court refused to exercise jurisdiction over the counterclaim and dismissed it without prejudice. That foreclosure action is apparently pending in the Superior Court for the State of Washington.

Price now moves this court for summary judgment declaring a deficiency judgment to be unavailable to Sea-First. He argues that the exclusive procedure for foreclosure of a preferred ship mortgage is set forth in the Ship Mortgage Act, at 46 U.S.C. § 951. Since Sea-First did not follow that procedure, Price asks this court to enter judgment denying Sea-First a deficiency.

Sea-First argues in response that the Ship Mortgage Act does provide the exclusive judicial remedy for foreclosure of a preferred ship mortgage. Sea-First argues, however, that the act does not preclude private contractual remedies supplemental to that provided for in the act. *Crofton Diesel Engine Co. v. Puget Sound National Bank of Tacoma,* 205 F.2d 950 (9th Cir.1953), could imply support for the proposition that the parties are not precluded by the act from providing private remedies in preferred ship mortgage contracts. In that case, the bank had first and second preferred ship mortgages upon the defendant vessel which contained provisions for nonjudicial foreclosure in the event of default defined by liens incurred and not paid off within thirty days. The Ninth Circuit held that the clause did not operate as a waiver of the preferred status of the mortgage, but was merely a "condition subsequent [reciting] certain conditions which will permit the immediate enforcement and foreclosure of the mortgage." *Crofton, supra,* at 951.

In *Crofton,* the bank foreclosed its mortgages in accordance with 46 U.S.C. § 951. The court did not reach the issue of whether private remedies are available when contractually prescribed in a preferred ship mortgage. In fact, the court has not found, nor has it been directed to, a reported case wherein a preferred ship mortgage was foreclosed privately; in all cases of which the court has knowledge, the mortgagee has always chosen to utilize admiralty procedure. The cases cited by Sea-First in opposition to Price's contention stand for the simple proposition that a "self help" provision in a preferred ship mortgage does not destroy its preferred character.

The only restriction upon parties making any contract they desire is that the contracts not be illegal or contrary to public policy. Contracts for mortgages on vessels have never been so held. Prior to the enactment of the Ship Mortgage Act, 46 U.S.C. §§ 911–984, however, such mortgage contracts were not considered maritime and the federal courts were accordingly without jurisdiction to enforce them. The Ship Mortgage Act granted jurisdiction and it is the exclusive remedy in the federal courts with respect to ship mortgages. In *Detroit Trust Co. v. S/S THOMAS BARLUM,* 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176 (1934), the Supreme Court held that "if the mortgage is a preferred mortgage within the definition of the act, jurisdiction is granted; otherwise not." *Id.* at 33, 55 S.Ct. at 33. Furthermore, "if a mortgage is within the act, there can be no suit to foreclose in a state court; if the mortgage is not within the act, there can be no suit for foreclosure in the admiralty." *Id.* at 42, 55 S.Ct. at 37. It follows that a "self help" provision sanctioning private foreclosure can only be exercised in accordance with state law. The alternative would be to allow judicial expansion into a legislative

domain and to allow private remedy at the option of the mortgagee in derogation of the rights of possible third party lienors, and in derogation of the distinct public interest in a uniform practice dealing with judicial foreclosure of security interests in vessels. *See, The THOMAS BARLUM, supra,* at 39, 55 S.Ct. at 36.

This court is without authority, however, to declare invalid an *in personam* remedy similar to that provided by RCW 62A.9–504 for the foreclosure of chattel mortgages. The validity of "self help" provisions and the availability of a deficiency judgment after private foreclosure are both issues for the state to resolve. Accordingly, it is

ORDERED that the motion of Price is denied.