822 F.2d 545
 Bankr. L. Rep. P 71,914
GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff-Appellee,
v.
GUILLORY & SON MOBILE HOME SALES, INC., et al., Defendants,
Carl W. Guillory, Sr., Linda Guillory and Guillory Bonding
Company, Defendants-Appellants.
 No. 87-4138
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 July 24, 1987.
 
 Patrick L. Durusau, Jena, La., for defendants-appellants.
 B. Franklin Martin, III, Rudy J. Cerone, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., Larry A. Stewart, Stafford, Stewart & Poiter, Alexandria, La., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before POLITZ, WILLIAMS, and JONES, Circuit Judges
 EDITH H. JONES, Circuit Judge:
 
 
 1
 The sole issue here presented is whether the Louisiana Deficiency Judgment Act, La.Rev.Stat.Ann. Sec. 13:4106 (West 1968) applies to a sale pursuant to an order of a United States Bankruptcy Court in a Chapter 11 proceeding. Because the Louisiana legislature, the Louisiana Supreme Court, and this court sitting en banc have conclusively determined that Louisiana's Deficiency Judgment Act is inapplicable to such situations, we affirm the lucid opinion of the district court.
 
 
 2
 Guillory & Son Mobile Home Sales, Inc. entered an inventory financing agreement with General Electric Credit Corporation ("GECC") for the sale of mobile homes. In addition to a collateral mortgage note and a chattel mortgage on all the inventory of Guillory & Son, GECC obtained as additional security a personal continuing guaranty from Carl and Linda Guillory, as well as a guaranty from Guillory Bonding Company. When Guillory & Son failed to remit payment for the sale of sixteen (16) mobile homes, GECC instituted the present action to recover sums due under the financing agreement. Subsequently, Guillory & Sons filed for protection under the Bankruptcy Code, 11 U.S.C. Sec. 101 et seq. During the course of that proceeding, the bankruptcy judge authorized a private sale of the debtor's remaining inventory of mobile homes, thereby reducing Guillory & Son's debt by $711,326.25. A deficiency of $270,000 remained, however, which formed the basis of GECC's motion for summary judgment against the guarantors. GECC sought summary judgment against the guarantors as these parties were not under the automatic stay protection of the bankruptcy court. The guarantors attempted to invoke Louisiana's Deficiency Judgment Act to defeat the collection of the deficiency judgment. The district court concluded, however, that a sale ordered by a United States Bankruptcy Court is exempt from the Act and entered summary judgment for GECC in the amount of the deficiency.
 
 
 3
 In Exchange National Bank of Chicago v. Spalitta, 321 So.2d 338 (La.1975), the Louisiana Supreme Court concluded that the Louisiana Deficiency Judgment Act is inapplicable to sales ordered in corporate reorganization proceedings under federal bankruptcy laws. The present case is virtually identical to Spalitta. While it is apparently undisputed that the requirements of the Deficiency Judgment Act were not complied with, it is unnecessary to address that issue because of the Louisiana Supreme Court's determination that the Act is inapplicable to sales made pursuant to the federal bankruptcy act. See also J. Ray McDermott & Co. v. Vessel Morning Star, 457 F.2d 815, 819 (5th Cir.1972) (en banc) (holding that Louisiana Deficiency Judgment Act may not restrict the application of a uniform federal law). Moreover, this result is supported by the recent codification of the Spalitta exception by the Louisiana legislature. The Louisiana Deficiency Judgment Act now provides that a sale pursuant to an order of a United States bankruptcy Court may not prohibit a "creditor from obtaining a deficiency judgment against any debtor." La.Rev.Stat.Ann. Sec. 13:4108(3) (West Supp.1987). While this provision was added subsequent to the sale of assets in this case, we find the recent amendment conclusive of the Louisiana legislature's intent to except bankruptcy sales from the requirements of the Deficiency Judgment Act.
 
 
 4
 The decision of the district court is therefore AFFIRMED.