Furnari, J.
This is an action to recover a balance due on a promissory note secured by a Preferred Ship’s Mortgage on afederally documented fishing boat. Judgmentwas entered for the plaintiff.
The defendants’ appeal to this Division presents the following issues: (1) whether this action was beyond the subject matter jurisdiction of the trial court because the plaintiffs claim is within the exclusive admiralty jurisdiction of the federal courts; and (2) whether the defendants’ payment of a higher rate of interest on the promissory note entitled them to a forgiveness of their debt upon the loss at sea of the mortgage collateral.
The reported evidence indicates that plaintiff Cape Ann Commercial Fisheries Fund, Inc. (the “Fund”) is a non-profit organization which promotes the commercial fishing industry by providing financing for the purchase or repair of fishing vessels. Defendant Miles J. Schlichte, Jr. was the president of Nancy Ann, Inc., the corporate owner of the federally documented fishing vessel “O/S Harmony.”
On August 1,1987, the corporation and the two individual defendants obtained a $7,500.00 loan from the plaintiff Fund and executed a seven year promissory note which was secured by a Second Preferred Ship’s Mortgage on the “Harmony” under authority of the Ship Mortgage Act of 1920, 46 U.S.C. §§911-984. The note and mortgage provided for alternative annual interest rates of eight and one-half (81/2%) percent if the fishing vessel were insured, or twelve (12%) percent if the vessel remained uninsured.
The defendants made payments on the note at the higher rater of interest until the “Harmony” was lost at sea on January 10, 1970. Upon the defendants’ default in payments, the plaintiff instituted this action for breach of the promissory note to recover the balance due.
By way of both affirmative defense and a Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (1) motion to dismiss, the defendants challenged the subject matter jurisdiction of the trial court. They asserted that the action was within the exclusive admiralty jurisdiction of the United States District Courts because the plaintiffs claim was based on a preferred ship’s mortgage on a federally documented fishing vessel, and raised issues as to the proper interpretation of the maritime insurance obligations set forth in the mortgage and promissory note. The court denied the defendants’ dismissal motion.
After trial, the court entered judgment for the plaintiff in the full amount of the $5,866.74 loan balance, plus interest, upon the following subsidiary findings of fact:
*155 The [plaintiff] Fund exists because loans onfishingvesselsareahigh risk proposition, unattractive to conventional lenders. The risk is even higher when the vessel is uninsured and the Fund bears the risk of attempting to collect unsuccessfully without the security of collateral in the event that the vessel is lost, as occurred here.
Defendants received the proceeds of the loan and, because the vessel was not insured, made payments at the higher uninsured rate until the vessel, still uninsured, was sunk. No payments have been made since. The principal balance due on the loan is $5,866.74. Nothing in the note or mortgage supports defendants’ claim that the debt was to be forgiven in the event of the loss of the vessel. Even if resort is made to them, the proffered minutes of the Fund’s board meetings do not change that fact. The Fund did not agree to insure the vessel or forgive the debt in the event of the vessel’s destruction.
The defendants now claim to be aggrieved by the trial court’s denial of both their motion to dismiss and their requests for rulings numbers 1,12 and 13.[3]
1. It is established that the Ship Mortgage Act of 1920, originally codified as 46 U.S.C. §§911-984 and now amended as 46 U.S.C. §§31301 et. seq., constitutes a comprehensive legislative scheme for the creation, regulation and foreclosure of preferred ships’ mortgages on federally documented fishing vessels, and that any action for aforeclosure of such mortgage is within the exclusive admiralty jurisdiction of the United States District Courts. Nat G. Harrison Over. Corp. v. American Barge Sun Coaster, 475 F.2d 504, 506 (5th Cir. 1973); J. Ray McDermott & Co. v. Vessel Morning Star, 457 F.2d 815, 818 (5th Cir.1972). But cf. Dietrich v. Key Bank, N.A., 693 F.Supp. 1112 (S.D.Fla. 1988). Contrary to the defendants’primary contention on this appeal, however, it is equally clear that the plaintiffs remedies were not limited to those of the federal admiralty courts, and that this action was within the subject matter jurisdiction of the state courts of this Commonwealth. The reason is that the plaintiffs *156 action is not an in rem proceeding to foreclose upon the preferred ship’s mortgage, or to recover a judgment for a deficiency after the sale of the mortgage collateral. The loss at sea of such collateral, the fishing vessel “Harmony,” precluded any such foreclosure and sale; the plaintiff Fund elected instead to recover payment of the defendants’ debt to it by commencing this in personam action for breach of the defendants’ promissory note. Nothing in the history and relevant provisions of Title 46 of the United States Code suggests that Congress ever granted exclusive jurisdiction of such in personam actions to the federal courts.
Prior, to 1920, a ship’s mortgage lacked security as a financial instrument because it'could not be enforced in federal court. The Thomas Barlum v. Barlum S.S. Co., 293 U.S. 21 (1934). The Ship Mortgage Act of 1920 was enacted to encourage the financing requisite to an expansion of the then fledgling American commercial shipping industry by granting a preferred status to certain ships’ mortgages on federally documented vessels given under the Act’s aegis, and by creating a uniform and exclusive federal procedure for the foreclosure of such mortgages in the United States admiralty courts. J. Ray McDermott & Co. v. Vessel Morning Star, supra at 818. The exclusive federal jurisdiction granted by the 1920 Act and by current law is limited, however, to proceedings in rem for the foreclosure of the ship’s mortgage itself. See 46 U.S.C. §§31325 (b) (1) and (c), and former 1920 U.S.C. §951.[4] Such limitation is consistent with the Judiciary Act’s primary grant of exclusive federal jurisdiction in all maritime cases “saving to suitors in all cases all other remedies to which they are otherwise entitled.” 26 U.S.C. §1331(1). The “savings to suitors” clause signifies that state courts share concurrent jurisdiction over in personam claims arising from maritime transactions. Zoila-Ortego v. B J-Titan Serv. Co., 751 F.Supp. 633, 636 (E.D.La. 1990); Queen Victoria Corp. v. Insurance Specialists of Hawaii, Inc., 694 F.Supp. 1480, 1482 (D.Hawaii 1988).Thus
[t]he admiralty jurisdiction of the federal courts... ‘is “exclusive” only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself created as the offender and made the defendant by name or description in order to enforce a lien.’ The state courts are left “competent” to adjudicate maritime causes of action in proceedings “in personam,” that is, where the defendant is a person, not a ship or some other instrument of navigation. ’ Madruga v. Superior Court, 346 U.S. 556, 560-561... (1954). Thus even if... claims [are] viewed as maritime in character, the state court would be free to adjudicate them.
Reedsburg Bank v. Apollo, 508 F.2d 995, 999 (7th Cir.1975).
This general distinction between exclusive federal in rem proceedings and federal and state in personam actions is expressly incorporated in 46 U.S.C. §31325 (b) (2), [see former 1920 U.S.C. §954 (a) ], which provides that a mortgagee “may” enforce a claim “for the outstanding indebtedness secured by the mortgaged vessel in a civil action in personam in admiralty” against the mortgagor and others as an alternative *157 to enforcing “the mortgage lien in a civil action in rem ...” under §31325(b)(1). Pursuant to §31325(c), only the §31325(b)(l) in rem proceeding is within the exclusive federal maritime jurisdiction of the admiralty courts.[5] Pursuant to the Ship Mortgage Act, therefore,
[ojnly the jurisdiction co foreclose the lien of the mortgage and to determine its priority in relation to that of other liens in a proceeding in rem is made exclusive by the Act... The Act confers federal jurisdiction over an action in personam in admiralty to obtain a deficiency judgment against the mortgagor ... but leaves the state court with concurrent jurisdiction over such an action ... There is no suggestion anywhere in the Act that issues other than those necessarily arising in the foreclosure action and issues concerning the enforceability of other maritime liens are within the exclusive jurisdiction of the federal court or must be adjudicated in the foreclosure action.
Reedsburg Bank v. Appollo, supra at 999. See also, Nate Leasing Co. v. Wiggins, 789 P.2d 89, 91-92 (Wash. 1990); Estate of Rhyner v. Farm Credit Bk. of Spokane, 780 P.2d 1001, 1004 (Alaska 1989); Westinghouse Credit Corp. v. Stojowski, 415 N.Y.S.2d 450, 451 (1979). As the present action is not a proceeding in rem, the defendants’ Rule 12 (b) (1) motion to dismiss was properly denied.
2. There was also no error in the trial court’s denial of defendants’ requests for rulings 12 and 13 which misinterpreted the plaintiff Fund’s rights and obligations upon the defendants’ payment of the higher rate of note and mortgage interest applicable to uninsured vessels. Where, as in the instant case, the language of the parties’ contract is clear and unequivocal, it must be construed in accordance with its customary and usual meaning, Fried v. Fried, 5 Mass. App. Ct. 660, 663 (1970), so as to give effect to the parties’ obvious intent. Contrary to the defendants’ contention, the parties’ note and mortgage provisions are wholly devoid of anything which may be reasonably construed as the plaintiff Fund’s agreement to waive the defendants’ debt in the event of damage to, or the loss of, the mortgage collateral.
Accordingly, the trial court’s judgment for the plaintiff is affirmed. There being no error, the report is dismissed.
APPENDIX

28 U.S.C. §1333(1):

‘The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.”

46 U.S.C. §951:

Enacted June 5,1920, c.250 §30, sub sec. K, 41 Stat. 1003. Repealed 1988. Replaced by 46 U.S.C. §31325.
“A preferred mortgage shall constitute a lien upon the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by such vessel. Upon the default of any term or condition of the mortgage, such lien may be enforced by the *158 mortgagee by suit in rem in admiralty. Original jurisdiction of all such suits is granted to the district courts of the United States exclusively.”

46 U.S.C. §954(a):

Enacted June 5,1920. Repealed 1988. Replaced by 46 U.S.C. §31325
“(a) Upon the default of any term or condition of a preferred mortgage upon a vessel, the mortgagee may, in addition to all other remedies granted by this chapter, bring suit in personam in admiralty in a district court of the United States, against the mortgagor for the amount of the outstanding mortgage indebtedness secured by such vessel or any deficiency in the full payment thereof.”

46 U.S.C. §31325:

Added Pub.L. 100-700, Title I, §102(c), November 23,1988, effective January 1,1989.
“(a) A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.
“(b) On default of any term of the preferred mortgage, the mortgagee may-
(1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel...: and
(2) enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in-
(A) a civil action in personam in admiralty against the mortgagor, maker, comaker or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness; and
(B) a civil action against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness; and
“(c) The district courts have original jurisdiction of a civil action brought under subsection(b)(1) or (2) of this section. However, for a documented vessel... this jurisdiction is exclusive of the courts of the States for a civil action brought under subsection (b) (1) of this section.”

 “1. All matters concerning preferred ship mortgages, including collection proceedings of unpaid note balances, come within the exclusive provisions of the Ship Mortgage Act, 1920 U.S.C. §911.
“DENIED. The provisions of the Ship Mortgage Act of1920, on which the plaintiff [sic] relies, were repealed by Pub. L. 100-710, Title 1, §106(b) (2), Nov. 23,1988,102 Stat. 4752.
“12. Meaning and effect of the language contained in ARTICLE III of the preferred ships mortgage, i.e. Thatthe Mortgagor, at its own costs and expense, so long as the said principal sum or the said note thereunder and thereby secured is outstanding, SHALL EITHER KEEP THE VESSEL INSURED OR MAKE THE ALTERNATIVE INCREASED MONTHLY PAYMENTS provided for in said note (emphasis added)’ is that the plaintiff/mortgagee assumed the risk of loss to the extent of the outstanding balance due on the note if the mortgagor/defendant made the increased monthly payments.
“DENIED. The language means that while the vessel is uninsured the defendant must pay ahigher rate of interest The fund is thereby compensated for the risk of the additional expenses and difficulty (as amply demonstrated there) of collecting from the borrower in the event of the loss of the collateral.
“13. The following language contained in the Note dated August 1,1987, had the meaning and effect that if the fishing vessel ‘Harmony’ was lost or damaged that the Plaintiff would insure, forgive or pay-off any balance on said note: Throughout the term of this note including the date of execution or any extension thereof, interest charges shall automatically increase to Twelve (12%) Per Cent per annum commencing from any date the Fishing Vessel HARMONY, Official Number 270888, is not insured by commercial marine insurance coverage policy or policies containing hull and P & I coverage naming Cape Ann Commercial Fisheries Loan Fund, Incorporated, as loss payee in accordance with its interest’
“DENIED ... [The trial judge there reiterated the ruling he made in response to request number 12, supra].”

 For relevant portions of the texts of these statutes and other United States Code sections cited infra, see Appendix to this Opinion.
The defendants incorrectly contend that this action is governed by the 1920 Act, 46 U.S.C. §§911 et seq. because their ship’s mortgage was executed on August 1,1987 prior to the Act’s repeal on November 23,1988. This action was filed on July 2,1991 and is instead governed by the current statute, 46 U.S.C. §§31321 et seq., which applies to preferred ships’ mortgages “whenever made,” §31322, and which governs all actions “not filed before January 1, 1989.” Midlantic Nat. Bank v. Sheldon, 751 F.Supp. 26, 30 (E.D.N.Y. 1990). There is little distinction, however, for purposes of jurisdictional analysis as the current 1989 statute continues the differentiation of the 1920 Act between exclusive federal in rem jurisdiction and concurrent federal and state in personam jurisdiction.

Indeed, in the absence of §31325 (b) (2), an in personam action against guarantors and other parties liable for the indebtedness could be brought in admiralty only on the basis of the federal courts’ ancillary or pendent party jurisdiction. See Ponce Federal Bank, F.S.B. v. Vessel Lady Abby, 980 F.2d 56, 57-58 (1st Cir.1992); Orange Produc. Credit v. Frontline Ventures, Ltd., 792 F.2d 797, 799 (9th Cir. 1986).