**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

MARYLAND NATIONAL BANK,

        *Plaintiff-Appellee,*

v.

ROBERT H. TRAENKLE; CHRISTINE D. TRAENKLE,

        *Defendants-Appellants.*

No. 00-1746

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-90-2731-CCB)

Argued: April 4, 2001

Decided: June 1, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** David F. Gould, III, GOULD LAW ASSOCIATES, P.C., Doylestown, Pennsylvania, for Appellants. David McIntosh Williams, GORMAN & WILLIAMS, Baltimore, Maryland, for Appellee. **ON BRIEF:** Charles L. Simmons, Jr., Christopher C. Bosley, GORMAN & WILLIAMS, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Robert H. Traenkle and Christine D. Traenkle (the Traenkles) appeal the district court's judgment awarding Maryland National Bank (MNB) $772,049.68 on MNB's suit to recover amounts owed to it by the Traenkles on a loan and denying the Traenkles' counterclaims. Finding no reversible error, we affirm.

I.

In August 1989, MNB loaned $850,000 to the Traenkles for the purchase of a fifty-eight foot yacht known as the *Honey Bear*. In consideration for the credit extended by MNB, the Traenkles executed and delivered a Marine Promissory Note (the note), a Marine Security Agreement (security agreement), and a power of attorney authorizing a first preferred mortgage on the yacht. The note and security agreement provided for the repayment of the loan principal plus interest, at a rate of 10.990%, over a twenty year period. The note further provided that MNB had the right to be paid all of its costs, including court costs and attorney's fees, in enforcing the note. A provision in the security agreement required the Traenkles to pay charges on the vessel, including repair and storage costs, and authorized MNB to pay those costs if the Traenkles did not. The Traenkles defaulted on the note in October 1990.

On October 18, 1990, MNB initiated this action in the United States District Court for the District of Maryland to collect the remaining balance owed under the note. On October 31, 1990, a former captain of the *Honey Bear*, J.D. Tubbs, brought an admiralty action against the *Honey Bear* in the United States District Court for the Southern District of Florida for the payment of wages. Pursuant to 46 U.S.C.A. § 31325, MNB filed an intervening complaint in the Florida action against the *Honey Bear in rem* and against the Traenk-

les *in personam* for the loan deficiency balance. MNB sought both foreclosure of the mortgage on the *Honey Bear* and the loan deficiency from the Traenkles. On December 12, 1990, MNB personally served the Traenkles with a summons and a copy of the intervening complaint at their residence in Pennsylvania.

The Florida district court later dismissed Tubbs' claim and MNB became the sole plaintiff in the admiralty action. The Traenkles failed to appear and did not file an answer on their own behalf or on behalf of the *Honey Bear*. As a result, the Florida district court entered default against the Traenkles and the *Honey Bear* on February 12, 1991. On March 23, the Florida district court entered a final judgment against the *Honey Bear in rem* and against the Traenkles *in personam* for the balance due on the note. The United States Marshal also was directed to sell the *Honey Bear*. Copies of the judgments and notice of the impending sale were sent to the Traenkles.

MNB entered the highest bid at a marshal's sale on April 23, 1991 and purchased the *Honey Bear* for $550,000. The Florida district court entered an order confirming the sale on April 30. After crediting the proceeds of the sale against the *in personam* judgment, the Florida district court entered a final deficiency judgment of $406,035.59 against the Traenkles on August 2, 1991. MNB then attempted to enforce the final *in personam* deficiency judgment against the Traenkles in Pennsylvania, where they own property. MNB recorded the final deficiency judgment with the Court of Common Pleas for Bucks County, Pennsylvania on June 10, 1991. On October 21, 1991, the Traenkles filed a petition with the Pennsylvania court asking it to strike the final deficiency judgment on the ground that the Florida district court lacked personal jurisdiction over the Traenkles and, therefore, the final deficiency judgment was not entitled to full faith and credit.

Meanwhile, MNB's action to collect on the note remained pending in the Maryland district court. The Traenkles filed counterclaims that alleged breach of duty of good faith and fair dealing, conversion, punitive damages, and breach of fiduciary duty. The Maryland district court deferred ruling on MNB's motion to dismiss aspects of the counterclaims pending resolution of the Pennsylvania action. Accordingly, the case was closed administratively on February 11, 1992. On

September 17, 1993, the Pennsylvania court entered an order striking the *in personam* portion of the final deficiency judgment. The Maryland district court then reopened the case at MNB's request.

On December 28, 1995, MNB filed a motion for summary judgment in the Maryland District court on both its deficiency claim and the Traenkles' counterclaims. On August 7, 1996, the Maryland district court entered an order granting MNB's motion for summary judgment as to the deficiency on the note and on the conversion, punitive damages, and breach of fiduciary duty counterclaims. *See Maryland Nat'l Bank v. Traenkle*, 933 F. Supp. 1280, 1289-90 (D. Md. 1996). MNB's motion for summary judgment was denied as to the breach of duty of good faith and fair dealing counterclaim. *See id.* at 1288-89.

On January 14, 1997, MNB again filed a motion for summary judgment in the Maryland district court as to the Traenkle's breach of duty of good faith and fair dealing counterclaim. The Traenkles contended that MNB breached its duty of good faith and fair dealing by damaging the *Honey Bear* and allowing its condition to deteriorate while the boat was in MNB's possession prior to its sale. On August 29, 1997, the Maryland district court denied the motion for summary judgment on the grounds that Maryland Code Annotated, Commercial Law § 9-207 (1997) governed the Traenkles' counterclaim and that the Traenkles had presented sufficient evidence to create a genuine issue of material fact on MNB's liability under that section. *See Maryland Nat'l Bank v. Traenkle*, No. 90-2731 (D. Md. Aug. 29, 1997).

Beginning March 3, 1999, the Maryland district court held a five day bench trial. The district court (1) considered the issue of liability and damages under § 9-207 with respect to the Traenkles's duty of good faith and fair dealing counterclaim and (2) determined the amount of the deficiency owed by the Traenkles on the loan. Following post-trial briefing, the Maryland district court issued a Memorandum Opinion on April 18, 2000. *See Maryland Nat'l Bank v. Traenkle*, No. 90-2731 (D. Md. April 18, 2000). The district court found that MNB exercised reasonable care, pursuant to § 9-207, while in possession of the *Honey Bear*. *See id.*

In determining the amount of the deficiency owed on the loan by the Traenkles, the district court rejected the Traenkles' arguments that MNB's failure to give notice under Maryland Code Annotated, Commercial Law § 9-504(3) (1997) bars MNB from obtaining a deficiency judgment and that MNB should be deemed to have accepted the *Honey Bear* in full satisfaction of the Traenkle's obligation pursuant to Maryland Code Annotated, Commercial Law § 9-505 (1997). *See id.* The district court found that the notice provision of § 9-504(3) did not apply because the *Honey Bear* was sold pursuant to the Ship Mortgage Act, 46 U.S.C.A. §§ 31301-31343 (West Supp. 2000), a federal statute governing the rights of the parties and that § 9-505 did not apply because the district court did not find that MNB conducted itself in an unfair or unreasonable manner. *See id.*

On appeal, the Traenkles' argue that the Maryland district court erred in several respects. Initially, the Traenkles argue that the district court erred in its August 5, 1996 Memorandum Opinion in dismissing their defense to MNB's claim that the Traenkles were liable for the deficiency on the note. Specifically, the Traenkles assert that the district court erred by rejecting their claim that they were fraudulently induced to sign the loan documents by an alleged oral agreement pursuant to which MNB promised that they would not be held personally liable on the loan. This oral agreement, the Traenkles argue, supercedes the loan provisions holding them personally liable. The Traenkles also raise three issues on appeal relating to their duty of good faith and fair dealing counterclaim. First, the Traenkles argue that the district court erred in its August 29, 1997 Memorandum and Order when it ruled that the Traenkles bore the burden of proof under § 9-207 in establishing that the disposition of the *Honey Bear* was commercially unreasonable. Second, they argue that the district court's factual findings with respect to the district court's April 18, 2000 Memorandum opinion were clearly erroneous. Finally, they argue that the district court erred when it concluded that MNB's compliance with the Ship Mortgage Act preempted the notice requirement of § 9-504(3).

## II.

We have reviewed the record, briefs, and pertinent case law on this matter, and we have had the benefit of oral argument. Our careful

review persuades us that the rulings of the district court were correct.* *See Maryland Nat'l Bank v. Traenkle*, No. 90-2731 (D. Md. April 18, 2000); *Maryland Nat'l Bank v. Traenkle*, No. 90-2731 (D. Md. Aug. 29, 1997); *Maryland Nat'l Bank v. Traenkle*, 933 F. Supp. 1280 (D. Md. 1996). Accordingly, we affirm the judgment in favor of MNB on the reasoning of the district court.

*AFFIRMED*

---

\**See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (holding that, on summary judgment, inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party); *Foreman v. Melrod*, 263 A.2d 559, 562 (Md. 1970) (holding that where, as in this case, there is no fraud, duress, or mistake, "parol evidence of conversations or alleged oral agreements made before or at the time of the integration of the contract into the writing must be excluded from evidence"); *FDIC v. Floyd*, 854 F. Supp. 449, 452 (N.D. Texas 1994) (interpreting a statutory provision identical to Md. Ann. Code, Comm. Law § 9-207(1) (1997) to require that the debtor bear the burden of establishing that the creditor failed to use "reasonable care in the custody and preservation of collateral in his possession"); *Scrimgeour v. Internal Revenue*, 149 F.3d 318, 324 (4th Cir. 1998) (refusing to set aside findings of fact on appeal from a bench trial where the trial court's factual findings were not clearly erroneous); *J. Ray McDermott & Co., Inc. v. Vessel Morning Star*, 457 F.2d 815, 818 (5th Cir. 1972) (holding that "[t]he Ship Mortgage Act, when read together with the statutes delineating the judicial sale procedure in the federal courts forms a comprehensive procedure for the foreclosure of a preferred ship's mortgage, the sale of the vessel and any resulting deficiency adjudged against the debtor *in personam*").